# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. SEOANE, an Individual, ) | Civil No. 11cv0908 L (WMc) |
| ) | |
| Plaintiff, ) | **ORDER DENYING PLAINTIFF'S** |
| v. ) | **REQUEST FOR AN EARLY NEUTRAL** |
| ) | **EVALUATION CONFERENCE** |
| LEXISNEXIS RISK DATA ) | |
| MANAGEMENT, INC., a Florida ) | |
| Corporation; LEXISNEXIS RISK ) | |
| SOLUTIONS FL, INC., a Minnesota ) | |
| Corporation; LEXISNEXIS RISK ) | |
| SOLUTIONS BUREAU, LLC, a Delaware ) | |
| Corporation; and LEXISNEXIS RISK DATA ) | |
| RETRIEVAL SERVICES, LLC, a Georgia ) | |
| Corporation, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **Background**

On May 20, 2011, Plaintiff filed an *ex parte* motion requesting an expedited Early Neutral Evaluation Conference ("ENE") under Civil Local Rule 16.1(c)(1). [Doc. No. 11.] Defendants filed a response to the motion on May 23, 2011, and an amended response to the motion on May 24, 2011. [Doc. Nos. 14 & 15.] Defendants also filed a motion to dismiss on May 24, 2011. [Doc. No. 16.] The Court has not yet ordered an ENE because the Defendants have not filed an Answer.

Additionally, the parties are currently litigating similar issues in a Florida state court.

### Plaintiff's Argument

Plaintiff has requested an ENE before the filing of the answer in this matter *or* shortly thereafter. Plaintiff argues that an expedited ENE will permit early settlement discussions and an expedited scheduling order, if needed. [Doc. No. 11, pg. 2.] Plaintiff asserts that this *ex parte* application is necessary to protect his rights as a California resident and employee. *Id*. Plaintiff further asserts that "[t]his case presents a paradigm for the application of Civil Local Rule 16.1( c)(1)." Plaintiff does not cite any case law to support this assertion.

### Defendant's Argument

Defendants oppose Plaintiff's *ex parte* application for the following reasons: (1) the California litigation is duplicative of the Florida litigation, (2) the parties have already engaged in settlement discussions, (3) various dispositive motions have been filed or will be filed shortly, and (4) the Defendants have not yet filed an answer. [*See* Doc. No. 15.]

### Legal Standard For Ordering An Expedited ENE

In this District, Magistrate Judges typically conduct ENEs within forty-five days of the filing of an answer. *See* Local Civil Rule 16.1(c)(1); *see Yang v. DTS Financial Group*, 570 F.Supp.2d 1257, 1261 (S.D.Cal. 2008). However, Local Civil Rule 16(c)(1) provides that counsel for either party may make a request, in writing, to the judicial officer in charge of discovery, to conduct an ENE conference *before* an answer has been filed. Upon such a request, the Magistrate Judge will examine the circumstances of the case and the reasons asserted for the request, and determine whether an expedited ENE would reduce the expense and delay of litigation. *See* Local Civil Rule 16(c)(1).

### Granting Plaintiff's Motion Would Not Reduce Expense or Delay

Plaintiff has failed to specify why conducting an ENE before Defendants file an answer will reduce the expense and delay of litigation. Rather, it appears to the Court, that scheduling an ENE before Defendants file an answer would increase costs without any corresponding benefit to the parties. Engaged in similar litigation in Florida, the parties would certainly duplicate their efforts and costs if the Court ordered the parties to appear at an expedited ENE in California.

Furthermore, conducting an ENE before the Defendant file answers could delay resolution of the case. Local Civil Rule 16.1(c)(1)(a) provides that "the judicial officer and the parties shall discuss the claims and defenses and seek to settle the case" at an ENE conference. In order to effectively and

efficiently discuss the claims and defenses in this matter, the parties must have the opportunity to finalize the pleadings, which includes having an operative complaint on file that identifies the claims at issue as well as an answer that lists all applicable defenses. Here, the Defendants have not filed an answer to Plaintiff's complaint. Furthermore, ordering the Defendants to participate in an expedited ENE despite their unwillingness to do so would likely increase costs and delay. Therefore, the Court finds that it cannot conduct a meaningful discussion of the claims and defenses in this case until the Defendants file an answer.

### Conclusion

For the foregoing reasons, Plaintiff's Request for an expedited Early Neutral Evaluation Conference is **DENIED.**

**IT IS SO ORDERED.**
DATED: May 26, 2011

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

Copy to:

HONORABLE M. JAMES LORENZ, U.S. DISTRICT JUDGE
ALL COUNSEL OF RECORD